UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DSSDR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 13-10026-FDS |
| ) | |
| ZENITH INFOTECH, LTD. and AKASH ) | |
| SARAF, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

**SAYLOR, J.**

This is a contract dispute.  Plaintiff DSSDR, LLC and defendant Zenith Infotech, Ltd. entered into a licensing agreement in 2009.  The agreement granted Zenith the use of certain technology developed by DSSDR.  Defendant Saraf is Zenith's chief executive officer and managing director.  The complaint originally alleged tortious interference with contractual relations and prospective economic advantage, breach of contract, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against both defendants.  The claims for tortious interference against Saraf and breach of contract against Zenith remain.

On October 7, 2013, DSSDR filed a motion for partial summary judgment, requesting summary judgment in its favor on the breach of contract claim; minimum damages of $737,830.40; an evidentiary hearing for the assessment of additional damages; an order of separate and final judgment; and an award of damages of (1) licensing and off-site storage fees,

(2) a late fee of 20 percent of the unpaid balance, (3) interest accrued at a rate of 1.5% per month on the unpaid balance, (4) reasonable costs and attorney's fees, and (5) interest on the judgment. For the following reasons, that motion will be granted in part and denied in part.

I.   **Background**

   A.   **Factual Background**

   The facts summarized below are undisputed.

   DSSDR, LLC is a Florida limited liability company.  (Bensinger Aff. ¶ 2, Pl. Mem., Ex. 4).[1]  DSSDR is in the business of creating computer technical solutions for computer data backup and disaster recovery.  (Bensinger Aff. ¶ 4).  Zenith Infotech, Ltd. is a foreign corporation with a principal place of business in Mumbai, India.  (License Agreement at *1, Pl. Mem., Ex. 2). Akash Saraf is the chief executive officer and managing director of Zenith.  (License Agreement at *8).

   On August 15, 2009, DSSDR and Zenith entered into a written licensing agreement titled the "2009 Appliance and Remote License Agreement."  (License Agreement at *1).  In the License Agreement, DSSDR licensed to Zenith the rights to use, market, and copy certain technology it had developed.  (License Agreement ¶ 2.1).  That technology included know-how for a client-side backup application that allowed nearly instant server system recovery, and know-how for certain remote data storage and data center operations systems.  (License Agreement, Ex. A at *9-10).

   In return, Zenith agreed to pay DSSDR 7% or 7.5% of the revenues from its use, sale, or

---

[1] Plaintiff's memorandum was filed as an exhibit to its motion for partial summary judgment, changing the number of those exhibits on the docket.  For example, Exhibit 1 to plaintiff's memorandum is labeled "# 2 Exhibit Exhibit 1" on the docket.  For ease of reference, the Court will refer to those exhibits by their name and the number plaintiff gave them.

lease of DSSDR's technology, depending on whether the technology was used as part of a "Licensed Appliance Product" or an "Off-Site Storage service" as defined by the agreement. (Licensing Agreement ¶¶ 8.1, 8.3, Ex. A at *11).  The parties also agreed that:

> All past-due payments will incur a late fee of twenty percent (20%) as well as accrue interest at a rate of 1.5% per month or the highest rate permissible by law, whichever is less, on the unpaid balance from the due date until paid in full. Licensee shall reimburse Licensor for all reasonable costs incurred (including reasonable attorney's fees) in collecting past-due amounts.

(License Agreement ¶ 8.3).

Since August 2012, Zenith has used the technology DSSDR licensed to it under the agreement, but has not paid any fees.  (Bensinger Aff. ¶ 9).[2]  DSSDR is reviewing invoices recently produced by Zenith to determine what amount it is owed under the agreement. (Bensinger Aff. ¶ 10).  DSSDR alleges that Zenith owes it a minimum of $737,830.40.  (Pl. Mem., Ex. 5).

### C.     **Procedural Background**

This action was filed on August 6, 2012, in Superior Court in California.   It was removed and then transferred to this Court on January 3, 2013.  A second amended complaint was filed on August 5, 2013, alleging that defendants (1) interfered with plaintiffs' contractual relations and prospective economic advantage, (2) breached the contract between DSSDR and Zenith, and (3) violated Florida's Deceptive and Unfair Trade Practices Act.

Defendants moved to dismiss on August 19, 2013.  On October 18, 2013, the Court issued an order dismissing several of the claims.  DSSDR's claims against Saraf for tortious

---

[2] Zenith disputes this fact, contending that it is unsupported by admissible evidence and too general, vague, and argumentative.  Zenith admits, however, "that it has failed to make at least certain payments to DSSDR, LLC as required under Exhibit A to the License Agreement since August 2012."  (Pl. Mem., Ex. 3 at *5).

interference and Zenith for breach of contract remain.

On October 7, 2013, prior to the Court's order, DSSDR moved for partial summary judgment on its breach of contract claim against Zenith. It contends that there is no genuine factual dispute as to its breach of contract claim, and that it is entitled to (1) minimum damages of $737,830.40, (2) an evidentiary hearing for the assessment of additional damages, (3) an order of separate and final judgment, (4) licensing and off-site storage fees, (5) a late fee of 20 percent of the unpaid balance, (6) interest accrued at a rate of 1.5% per month on the unpaid balance, (7) reasonable costs and attorney's fees, and (8) interest on the judgment.

## II.  Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotations omitted). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the non-moving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon

mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id*. at 256-57.

### III.   Analysis

#### A.   Breach of Contract

Under Florida law, "[t]he elements of a breach of contract action are: (1) a valid contract; (2) material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. Dist. Ct. App. 2003) (internal quotation omitted).[3] It is undisputed that the License Agreement constitutes a valid contract. It is also undisputed that Zenith is in material breach of the agreement because it has failed to pay DSSDR any fees for use of licensed appliance products or off-site storage services, as defined by the agreement, since August 2012. Summary judgment will therefore be granted in DSSDR's favor as to liability on the breach-of-contract claim regarding those fees.[4]

#### B.   Damages

Zenith does, however, challenge the amount of damages DSSDR claims. It contends that (1) late fee provisions designed as a penalty are unenforceable and (2) attorney's fees cannot be determined until one party prevails.

##### 1.   Actual Damages

DSSDR has offered a single spreadsheet, allegedly from Zenith, stating that Zenith owes DSSDR royalties of $737,830.40 in actual damages. (Pl. Mem., Ex. 5). Zenith contends that the

---

[3] The License Agreement is governed by Florida law. (License Agreement ¶ 13.11).

[4] The Court assumes that DSSDR moves for summary judgment on the breach-of-contract claim against Zenith, and not against Saraf, as the claim against Saraf was dismissed after the summary judgment motion was filed.

document lacks foundation and authentication.

DSSDR contends that the document is authentic because Zenith produced it as part of discovery. But that fact, standing alone, is not enough. Even if Zenith did produce the document to DSSDR as part of discovery, there is insufficient evidence before the Court that the document is authentic and that it falls within an appropriate hearsay exception. Damages must therefore still be established, and are a material issue of fact that remains to be tried.

Discovery, however, is ongoing. DSSDR could, of course, provide proper foundation for and authentication of its claimed damages after completing the rest of its fact discovery, and there is no reason to conduct a trial on damages if they are not in dispute. DSSDR's motion for summary judgment as to its claimed minimum damages of $737,830.40 will therefore be denied without prejudice as to its renewal. Because summary judgment will be denied on DSSDR's actual damages, summary judgment as to the claims for 1.5 percent additional monthly interest, interest on the judgment, late fees, separate and final judgment, and an evidentiary hearing is likewise denied without prejudice as to its renewal.[5]

### 2. **Reasonable Attorney's Fees**

DSSDR also moves for summary judgment on its attorney's fees. Under Florida law,

> [i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

---

[5] Zenith contends that the late fee provision is unenforceable under Florida law as a penalty provision. "A contract term which provides that a party must pay a penalty for breaching a contract is unenforceable." *Crosby Forrest Products, Inc. v. Byers*, 623 So.2d 565, 567 (Fla. Dist. Ct. App. 1993). A penalty is "a sum named, which is disproportionate to the damages which could have been anticipated from breach of the contract, and which is agreed upon in order to enforce performance of the main purpose of the contract by the compulsion of this very disproportion." *Id.* (quoting 5 Williston on Contracts § 776, at 668). DSSDR contends the Florida courts have not addressed whether late fees constitute unenforceable penalties. The Court does not reach this issue.

Fla. Stat. § 57.105(7).  "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enterprises, Inc.*, 604 So.2d 807, 810 (Fla. 1992).  Defendants contend that they are the "prevailing party" in the litigation because many of the claims against them were dismissed.

Section 57.105(7) "is designed to even the playing field, not expand it beyond the terms of the agreement." *Florida Hurricane Protection and Awning, Inc. v. Pastina*, 43 So.2d 893, 895 (Fla. Dist. Ct. App. 2010).  The License Agreement states that "Licensee shall reimburse Licensor for all reasonable costs incurred (including reasonable attorney's fees) *in collecting past-due amounts*." (License Agreement ¶ 8.3) (emphasis added).  The relevant inquiry, therefore, is who the "prevailing party" is on the portions of the breach-of-contract claim brought to collect past-due payments.  *See Pastina*, 43 So.2d at 895-96; *Subway Restaurants v. Thomas*, 860 So.2d 462, 464 (Fla. Dist. Ct. App. 2003).

At this point, it is unclear what the "significant issues in the litigation" are.  Several claims against defendants have been dismissed, and DSSDR has been awarded summary judgment as to liability on only part of its breach-of-contract claim.  DSSDR still claims a large amount of fees from other breaches of the contract.[6]  Accordingly, summary judgment as to attorney's fees will be denied without prejudice as to its renewal.[7]

---

[6] The fact that a claimant recovers a net judgment is significant in determining whether they are the "prevailing party." *Trytek v. Gale Industries, Inc.*, 3 So.3d 1194, 1201 (Fla. 2009).  Here, there has been no determination of a net judgment for either party.

[7] Defendants contend that Saraf should be entitled to attorney's fees because the breach-of-contract claim against him was dismissed.  Attorney's fees, however, "may be awarded by a court only when authorized by statute or by agreement of the parties." *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1148 (Fla. 1985).  If there is a relevant statute or contractual provision, it has not been brought to the attention of the Court.

## VI.    Conclusion

For the foregoing reasons, plaintiff's partial motion for summary judgment is GRANTED as to liability for fees for Zenith's use of licensed appliance products and off-site storage services, as defined by the agreement, and DENIED without prejudice as to all alleged damages. Plaintiff's requests for a separate and final judgment and an evidentiary hearing are DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 9, 2013